JOSEPH P. KARR *v.* ROBERT R. PORTER.

If three parties enter into a verbal agreement between themselves, the first
being indebted to the second and the second to the third, that the first
shall pay the debt of the second to the third party, and that the second
shall be discharged from any further liability for his debt to him, it will
not be an agreement to answer for the debt of another within the mean-
ing of the statute of frauds.

ASSUMPSIT for money had and received with the usual
pleas.   A builder by the name of Samuel Forest had con-
tracted with the defendant to build for him a row of ten
houses in the City of Wilmington which he performed,
and during the progress of the work upon them the plain-
tiff furnished Forest with lime and sand for them to the
amount of $198.   After the houses had been finished, the
three, the plaintiff, defendant and Forest, met together by
mutual appointment to adjust and settle their respective
accounts, when it was arranged between them and agreed
to by all three of them, that the defendant was to pay to
the plaintiff instead of to Forest, the amount of the
account in question due for the lime and sand so furnished
by him, and the plaintiff after that told Forest that he
should look to the defendant, and not to him, for the pay-
ment of it.   On cross examination the witness who testi-
fied as above stated, was asked by the counsel for the
defendant if the agreement which he had spoken of, that
the defendant instead of Forest was to pay the account for
the lime and sand to the plaintiff, was in writing, or any
note or memorandum to that effect was signed by the
defendant, which he answered in the negative.

*Bates*, for the defendant, moved to enter a nonsuit on
the ground that it was a promise to answer for, or pay the
debt of another amounting to $198, and no action would
lie upon it without some proof of it in writing under the
statute of frauds.   *Rev. Code* 184, *sec.* 7.   And also be-
cause there was no proof of the sale of any goods, wares

38

and merchandise by the plaintiff to the defendant to sustain the action.

*Bird,* for the plaintiff. It was not such a promise to answer for, or pay the debt of another, as was contemplated and provided for in the statute, and, therefore, no proof of it in writing was required by it. For by the agreement the defendant was to do no more in effect, than to pay and discharge indirectly his own debt. By it he assumed no new or increased liability or indebtedness in the matter, as it then stood between the three parties to the agreement, and it was at the utmost but the substitution of another party to whom he was to pay a debt originally due, and still due directly from himself. He at once became thereby discharged from his previous indebtedness to Forest to that amount, and was by virtue of it actually paying his own debt to the same amount while agreeing only to pay the debt of another. There were not, however, two debts to be paid by him, but only one and the same debt in point of fact, and that was his own debt, from first to last. Such an agreement was never considered to be within the meaning or policy of the statute. *Throop on Verb. Agreem. sec.* 326, 327, 331, 333, 340, 345, 346, 347, 350. 3 *Burr.* 1886. 3 *T. R.* 174. 5 *Taunt.* 450. 1 *Allen* 405. 16 *E. C. L. R.* 185. 31 *E. C. L. R.* 726. 32. *E. C. L. R.* 405. 10 *E. C. L. R.* 379. 7 *E. C. L. R.* 131. *Anstey v. Marsden,* 4 *B. &. P.* 270.

*The Court.* This is not such an agreement to pay the debt of another as is within the meaning of our statute of frauds, and the motion to enter a nonsuit is overruled on both grounds.

A witness was then called for the defendant who proved an account stated between the defendant and Forest on the 16th day of November 1869, by which a balance of five thousand dollars appeared to be due from Forest to the defendant at that time.

*Bates*, asked the court to charge the jury that if they were satisfied from all the evidence in the case that at the time when the alleged agreement or promise was made by the defendant to pay the debt in question of Forest to the plaintiff, the defendant was not indebted in any amount to Forest, then the alleged agreement was within the statute, and as there had been no written proof of it, the action could not be maintained, and their verdict should be for the defendant.

*Bird*, controverted the proposition and asked for a contrary instruction in case the jury should be satisfied that there was such a verbal agreement merely between all three of the parties concerned, and also that there were at that time mutual, open and unsettled accounts existing between Forest and the defendant, as well as between Forest and the plaintiff.

*The Court, Gilpin, C. J.*, charged the jury. When several persons are mutually indebted to each other, they may by agreement among themselves, vary their respective liabilities and substitute one creditor in the place of another. As if, for example, A is indebted to B, and B is indebted to C, and by the consent of all of them it is arranged that A shall pay C the amount of the debt he owes B, and that B shall be released from any further liability to C, the latter will be entitled to recover the amount from A. And such an agreement need not be in writing, because it would not be such an agreement to pay the debt of another as is contemplated and provided for in our statute of frauds. For in the case supposed the original debts of A and B would be extinguished by such arrangement and agreement between all of the parties interested, and their extinguishment would constitute a sufficient consideration for the promise of A to pay the amount of the debt of B, to C, for without the extinguishment of both of the intermediate debts through the medium of such a compact between all the parties, the promise of A to pay C in such a case would be but *nudum*

*pactum.* If, however, the jury should be satisfied from all the evidence in this case, that there was no indebtedness on the part of the defendant to Samuel Forest in fact existing at the time when the alleged agreement in question was entered into, then the agreement of the defendant to pay to the plaintiff the amount of his account against Forest, would have been an agreement to pay the debt of another to him within the meaning of the statute of frauds, and as there had been no proof that it was in writing in any form, the plaintiff would not be entitled to recover, and their verdict should be for the defendant. But if, on the contrary, they should be satisfied from all the evidence that there was such a verbal agreement merely entered into between the three, the plaintiff, the defendant and Forest, as had been detailed to them in the evidence, and also that the defendant was at that time, in fact, indebted to Forest in an amount equal to the amount of the plaintiff's account in question against Forest, then it would not be within the meaning of the statute, and their verdict should be in favor of the plaintiff for the amount of it, with interest from the time of that agreement.

The defendant had a verdict.